**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEVEN ALLEN THOMASON, #376662,

      Petitioner,

                           Civil No: 2:09-11012
                           Honorable Gerald E. Rosen
                           Magistrate Judge Donald A. Scheer

v.

NICK LUDWICK,

      Respondent.

_____/

## OPINION AND ORDER REGARDING VARIOUS PENDING MOTIONS

This matter is before the Court on eleven motions filed by Petitioner. No responses have been filed with the Court. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court will decide the motions without oral argument.

Petitioner was convicted in Oakland County Circuit Court of second-degree criminal sexual conduct, Mich. Comp. Laws §750.520c(1)(a). He was sentenced to four years nine months to fifteen years' imprisonment. The Court addresses each of Petitioner's motions below.

## I. DISCUSSION

### 1. Discovery Motion

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section

2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 266 F. 3d 442, 460 (6th Cir. 2001).

Petitioner filed his habeas petition on March 18, 2009. After deficiencies with the habeas petition were corrected, on June 9, 2009, Magistrate Judge R. Steven Whalen signed an order of responsive pleading, requiring respondent to file an answer to the petition for writ of habeas corpus and the Rule 5  materials by December 9, 2009. Respondent has not yet filed an answer to the petition for writ of habeas corpus. Until a respondent files an answer to the habeas petition, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White,* No. 2007 WL 2752372, * 3 (E.D. Mich. September 21, 2007). In addition, none of the Rule 5 materials have been received by the Court; "and receipt of those materials may obviate the need to order discovery." *Shaw,* No. 2007 WL 2752372, at * 3. Granting Petitioner's discovery request at this time would be premature. Therefore, the motion for discovery will be denied without prejudice. *Id.*

## 2.  Consideration of Motions and Petition

Petitioner is asking the Court to immediately[1] address the myriad of motions he has

---

[1]Petitioner prefaces each motion with the phrase "motion for immediate consideration."

filed with the Court and to do so in the order in which they were presented.  The purpose of this Order is  to achieve that objective.  Therefore, Petitioner's various requests for "immediate consideration" are granted only with regard to Petitioner's motions.  The Court will not immediately consider the habeas petition itself for the reasons stated above.

## 3.  Recognizance Bond

Petitioner argues that he is uneducated and does not have adequate assistance to litigate this habeas matter.  Therefore, he contends that he should be released on bail so that he may have the opportunity to gather evidence, utilize research resources, locate an attorney, and seek any other legal assistance he may need to proceed with this matter.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson,* 900 F.2d at 79. Federal district courts may grant bail when granting the writ. *Sizemore v. District Court*, 735 F.2d 204, 208 (6th Cir. 1984). By implication, the Court should not grant bail under other circumstances.

Although Petitioner may have a substantial claim of law, he has not demonstrated exceptional circumstances that justify release on bond. Petitioner has failed to show the existence of exceptional circumstances warranting release on bail where all that supports his claim for release on bond are his conclusory statements regarding the merits of his claim and his purported inability to move forward with his habeas claim. *Bergmann v. McCaughtry*, 857 F. Supp. 640, 641 (E.D. Wis. 1994). The Court will therefore deny

3

Petitioner's motion for bond.

**4. Prosecutorial Misconduct**

Petitioner requests that the Court reverse his conviction due to allegations of prosecutorial misconduct during his trial.  Specifically, Petitioner lists twenty-two instances of prosecutorial misconduct, which the Court will not list here.  Because: (1) the Respondent has not filed a response to Petitioner's habeas petition, nor is one due at this time; and (2) the Rule 5 materials have not been filed with the Court, and they are likewise not due for filing at this time, the Court is not in a position to rule upon the substantive issue of whether the prosecutor engaged in misconduct and if that alleged misconduct resulted in a violation of Petitioner's due process rights.  Additionally, the Court notes that several pages of Petitioner's motion cannot be reviewed due to the poor quality of the original copy. In any event, the motion is premature and is denied.

**5. Trial Court Misconduct**

Petitioner generally contends that the trial court abused its discretion, "compromis[ed] the integrity of justice," "compromis[ed] the verdict," and engaged in "flagrant abuses of judicial propriety and fairness."  (Mot. at 1-2). Again, this is a substantive issue that the Court is not in a position to rule upon without the record and without a response from the Respondent.  The motion is denied.

**6. External Influences**

Petitioner asserts that a combination of the trial court's "apathy/ignorance/misconduct," ineffective assistance of counsel, and a biased jury, constitutes a series of external influences which adversely impacted the outcome of

4

Petitioner's trial and resulted in a violation of his constitutional rights.  Therefore, he claims that his conviction should be reversed.  This is a cumulative error argument, which the Court is not in a position to rule upon without the record and without a response from the Respondent.  The motion is denied.

### 7.  Jury Instructions

Petitioner contends that his conviction should reversed due to errors arising from the administration of jury instructions in this case.  He claims that his due process rights were violated because the instructions "were erroneous, incomplete, and biased."  (Mot. at 5).  Again, this is a substantive issue that the Court is not in a position to rule upon without the record and without a response from the Respondent.  Accordingly, the motion is denied.

### 8.  Ineffective Assistance of Counsel

Petitioner claims that his attorney was ineffective for several reasons: (1) ill-prepared to represent Petitioner at trial; (2) failed to file pre-trial motions; (3) failed to place proper objections on the record; (4) failed to conduct a proper investigation; (5) failed to conduct requisite interviews of witnesses; (6) failed to present a proper defense; and (7)  overall ineptitude.  Again, this is a substantive issue that the Court is not in a position to rule upon without the record and without a response from the Respondent.  Accordingly, the motion is denied.

### 9.  Evidentiary Hearing

Petitioner asks the Court to conduct an evidentiary hearing because one was not conducted during his trial.  He asserts that he has relevant facts and dispositive issues

5

which must be presented during an evidentiary hearing. Petitioner's request for evidentiary hearing is premature. Rule 8 of the Rules Governing 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Respondent has not yet filed the state court records or an answer to the habeas petition and the current deadline for a response is not until December 9, 2009. Accordingly, the Court will deny without prejudice Petitioner's motion for an evidentiary hearing. If, after reviewing Respondent's answer to the petition and the state court record, the Court finds

that an evidentiary hearing is required, the Court will reconsider Petitioner's request. Petitioner need not file an additional motion regarding these issues.

## 10.  Subject Matter Jurisdiction and Venue

Petitioner challenges the jurisdiction and venue of the trial court over the issuance of the warrant, the filing of the complaint, the conducting of the preliminary examination, and the arraignment proceedings.  He claims that the substance of the warrant and complaint were so flawed that the trial court should have ceded jurisdiction and dismissed this matter from the outset. This is a procedural issue with substantive overtones which the Court is not in a position to rule upon without the record and without a response from the Respondent.  Accordingly, the motion is denied.

## 11.  Mandamus Action

6

Finally, Petitioner requests that the Court invoke its "mandamus authority" in order to compel Respondent to produce discovery materials.  For the reasons previously stated, Petitioner's request for discovery materials is premature and is denied.

Addressing Petitioner's mandamus argument as a means to obtain the requested discovery, mandamus relief is available when the petitioner has a clear right to the relief sought. *In re First Fed. Sav. & Loan Ass'n of Durham,* 860 F2d 135, 138 (4th Cir. 1988). Mandamus relief  is a drastic remedy to be provided only in extraordinary circumstances. *See Kerr v. United States*, 426 U.S. 394, 402 (1976). Specifically, mandamus relief is appropriate only if the petitioner shows that his right to relief is "clear and indisputable," and that there exist "no other adequate means to attain the relief he desires." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).  Since, at this point in the proceedings, for the reasons set forth above, Petitioner does not have a "clear and undisputable" right to receive discovery material from the Respondent, the Court concludes that mandamus relief is inappropriate and denies the motion on this ground as well.

## II. <u>CONCLUSION</u>

Accordingly,

**IT IS ORDERED** that: (1) Petitioner's "Motion for Immediate Consideration and Combined Motions for to Compel Production and Delivery of State Records, and for Discovery" **[DKT. #2]** is **DENIED;** (2) "First Motion: Proposal for Consideration of Motions and Petition"  **[DKT. #9]** is **GRANTED;** "Motion for Immediate Consideration and Motion for Recognizance Bond" **[DKT. #10]** is **DENIED;** "Motion for Immediate Consideration and Motion for Reversal Where Cause was Prosecutorial Misconduct" **[DKT. #12]**  is **DENIED;**

"Motion for Immediate Consideration and Motion for Reversal Where Cause was Court Misconduct and Abuse of Discretion" **[DKT. #13]** is **DENIED;** "Motion for Immediate Consideration and Motion for Habeas Recognition of Reversible Prejudice from External Influences" **[DKT. #14]** is **DENIED;** "Motion for Reversal on Matters of Jury Instruction Habeas Errors" **[DKT. #15]** is **DENIED;** "Motion for Reversal Where Cause was Ineffective Assistance of Counsel" **[DKT. #16]** is **DENIED;** "Motion for Immediate Consideration and Motion for Evidentiary Hearing" **[DKT. #17]** is **DENIED;** "Motion for Immediate Consideration and Motion for Dismissal of Cause of Action Based on Subject Matter Jurisdiction and Venue (Impossibility)" **[DKT. #18]** is **DENIED;** and "Ex Parte Motion for Mandamus Action" **[DKT. #21]** is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner submit either a completely legible copy of his habeas petition, or in the alternative, provide the Court with legible copies of the pages that are not decipherable (Pet. pp. 2-12, 24-25, 27, 29; page prior to F1A; F1A section; F1B section; F1H section; F1J section; F1K section; F1Q section; and F1S section) on or before, December 9, 2009.

**SO ORDERED.**

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: June 19, 2009

8

**CERTIFICATE OF SERVICE**

I hereby certify that on __June 19, 2009__, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system  and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
__Steven Thomason, #376662, Mid Michigan Correctional Facility, 8201 N. Croswell Road, St. Louis, Michigan 48880_____.

s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(313) 234-5137

9