**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

STEVEN ALLEN THOMASON,

      Petitioner,

v.                                                            Civil No. 2:09-CV-11012
                                                                    Honorable Gerald E. Rosen
                                                                    Magistrate Judge Donald A. Scheer

NICK LUDWICK,

      Respondent.
_____/

**OPINION AND ORDER: DENYING PETITIONER'S "MOTION FOR RECONSIDERATION OF EVIDENTIARY HEARING; FOR ACCELERATION OF HEARING" [DKT. #23], INTERPRETING PETITIONER'S "MOTION FOR EXPEDIENT CONSIDERATION OF ORDERING DISCOVERY" AS A MOTION FOR RECONSIDERATION; AND DENYING THE MOTION FOR RECONSIDERATION [DKT. #24]**

Pending before the Court are Petitioner's "Motion for Reconsideration of Evidentiary Hearing; for Acceleration of Hearing," [dkt. # 23], and "Motion for Expedient Consideration of Ordering Discovery." [dkt. #24]. On March 18, 2009, Petitioner Steven Allen Thomason, filed an application for petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner subsequently filed eleven motions with the Court: (1) "Motion for Immediate Consideration and Combined Motions for to Compel Production and Delivery of State Records, and for Discovery;" (2) "First Motion: Proposal for Consideration of Motions and Petition;" (3) "Motion for Immediate Consideration and Motion for Recognizance Bond;" (4) "Motion for Immediate Consideration and Motion for Reversal Where Cause was Prosecutorial Misconduct;" (5) "Motion for Immediate Consideration and Motion for

Reversal Where Cause was Court Misconduct and Abuse of Discretion;" (6) "Motion for Immediate Consideration and Motion for Habeas Recognition of Reversible Prejudice from External Influences;"  (7) "Motion for Reversal on Matters of Jury Instruction Habeas Errors;" (8) "Motion for Reversal Where Cause was Ineffective Assistance of Counsel;" (9) "Motion for Immediate Consideration and Motion for Evidentiary Hearing;" (10) "Motion for Immediate Consideration and Motion for Dismissal of Cause of Action Based on Subject Matter Jurisdiction and Venue (Impossibility);"  and (11) "Ex Parte Motion for Mandamus Action."  On June 19, 2009,  the Court denied each of Petitioner's motions [dkt. #22]. For the reasons that follow, the Court DENIES both of the pending motions.

**I. Discussion**

Petitioner's motion regarding expedient consideration of ordering discovery [dkt. #24] will be interpreted as a motion for reconsideration of the Court's June 19, 2009 Order because the motion asks the Court to reconsider issues in addition to discovery (i.e., bond) that were already addressed in the June 19, 2009 Order.  Petitioner's motion also asks the Court to reconsider its "Order Requiring a Response" entered on June 9, 2009 because he claims to be entitled to an answer to his habeas petition and the Rule 5 materials before the date ordered by the Court, December 9, 2009.  Petitioner's first motion is labeled clearly as a reconsideration motion regarding the portion of the Court's June 19, 2009 Order which denied his request for an evidentiary hearing.

The Orders Petitioner is asking the Court to reconsider were entered on June 9, 2009 and June 19, 2009.  Because Petitioner had only 10 days to file a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(g)(1), intermediate legal

2

holidays and weekend days are excluded under Federal Rule of Civil Procedure 6(a)[1]. Therefore, using the June 19, 2009 date, Petitioner was required to submit his motions for reconsideration on or before July 3, 2009.[2] Because courts have not been blind to the dilemmas of *pro se* prisoners and the particular challenges they face in meeting court deadlines, the Supreme Court formulated a mailbox rule, stating that documents are considered filed with the court when the document is submitted to prison officials for filing. *Houston v. Lack,* 487 U.S. 266, 272 (1988); *Fugate v. Booker,* 321 F.Supp.2d 857, 859, n.2 (E.D. Mich. 2004) (under the prison mailbox rule this Court assumes that Petitioner actually filed his habeas petition on the date that it was signed and dated). Therefore, under the mailbox rule, if Petitioner had signed, dated, or given his motion to prison authorities to mail on July 3, 2009, his motion would be considered timely.

Petitioner's motion filed under dkt. # 23 was dated (not signed) on August 29, 2009. the motion filed under dkt. # 24 was signed and dated on August 31, 2009. The certificate of service for each motion is dated August 31, 2009. [dkt. #25] Both reconsideration motions were received by the Court on September 2, 2009. Petitioner's evidentiary reconsideration motion [dkt. #23] is 57 late; and his expedient consideration motion [dkt. #24] is 59 days late.

---

[1]Federal Rule of Civil Procedure 6(e), which gives a party three additional days to file a document when the party is required to do so within a specified time period *after service*, does not technically apply here because Eastern District of Michigan Local Rule 7.1(g)(1) requires the motion to be filed "10 days *after entry* of the judgment or order," not after service of the order.

[2]The July 3, 2009 deadline takes into consideration the weekends of June 20, 2009, June 21, 2009, June 27, 2009 and June 28, 2009.

As a result, Petitioner's motions are untimely and he has waived his opportunity for reconsideration.

## II. Conclusion

Accordingly,

IT IS ORDERED that Petitioner's "Motion for Reconsideration of Evidentiary Hearing; for Acceleration of Hearing" [dkt. #23] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Expedient Consideration of Ordering Discovery" [dkt. # 24] is DENIED.

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated: October 27, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on  October 27, 2009 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
   Steven Thomason, #376662, Mid Michigan Correctional Facility, 8201 N. Croswell Road, St. Louis, Michigan 48880                                                            .

                                      s/Ruth A. Brissaud
                                      Ruth A. Brissaud, Case Manager
                                      (313) 234-5137