UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ALLEN THOMASON, #376662,

    Petitioner,

                                Civil No: 2:09-11012
                                Honorable Gerald E. Rosen
                                Magistrate Judge Donald A. Scheer

v.

NICK LUDWICK,

    Respondent.

_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS &
DENYING PETITIONER'S MOTION FOR ACCELERATED RELIEF**

    Petitioner Steven Allen Thomason filed a *pro se* "petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He was convicted in Oakland County Circuit Court of second-degree criminal sexual conduct, Mich. Comp. Laws §750.520c(1)(a). Petitioner is presently incarcerated at Mid-Michigan Correctional Facility in St. Louis, Michigan. He was sentenced to four years nine months to fifteen years' imprisonment. Pending before the Court is Respondent's motion to dismiss and Petitioner's motion for accelerated relief. For the reasons that follow, the Court will deny both motions.

**I. DISCUSSION**

**Motion to Dismiss**

    Respondent requests that the petition be dismissed on exhaustion grounds under 28 U.S.C. §2254(b)(1)(a) and pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (generally, "mixed petitions" (i.e., those containing both exhausted and unexhausted claims) must be dismissed in order to enforce the longstanding requirement that a habeas

petitioner, confined on the authority of a state court judgment, must first exhaust his remedies in state court). Petitioner disagrees and states that he has exhausted the issues presented for habeas review. Although Respondent cites four issues as being unexhausted, the supporting brief only requests that the Court find exhaustion problems with two of the habeas issues.[1]

Before addressing Respondent's arguments, the Court notes that on June 19, 2009, an order was entered addressing eleven motions filed by Petitioner. Because the Court could not fully read the habeas petition during its review of the motions due to extremely poor print quality, the Court directed Petitioner as follows:

> **IT IS FURTHER ORDERED** that Petitioner submit either a completely legible copy of his habeas petition, or in the alternative provide the Court with legible copies of only the pages that are not decipherable (Pet. pp. 2-12, 24-25, 27, 29; page prior to F1A; F1A section; F1B section; F1H section; F1J section; F1K section; F1Q section; and F1S section) on or before, December 9, 2009.

(Order, dated 6/19/09, pg. 8). To date, the Court has not received a legible copy of the habeas petition. Apparently, Respondent has in its possession a legible copy because the Court cannot decipher the habeas issues presented, the statement of facts, or a substantial amount of the argument and discussion presented in the copy on file. Therefore, the habeas petition shall be dismissed if a legible copy is not filed with the Court within thirty (30) days from the date of this Order.

---

[1] The other two issues are claims involving alleged errors committed by the Michigan Court of Appeals: (1) "[t]he 50-page limit on his supplemental brief on appeal to the Michigan Court of Appeals was a violation of Petitioner's right to confrontation and due process," and (2) "Petitioner was denied his right to counsel when the Court of Appeals failed to appoint him advisory counsel after he "fired" his appointed appellate counsel and requested different counsel to assist him. (Mot. Dismiss, pg. 3). Petitioner could not have raised these issues in the trial court.

> Turning to the exhaustion issue, the Supreme Court explained in *Rose*:
>
> [t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."
>
> A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error. As the number of prisoners who exhaust all of their federal claims increases, state courts may become increasingly familiar with and hospitable toward federal constitutional issues. Equally as important, federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review.

455 U.S. at 518-19 (citations and footnote omitted). The first alleged unexhausted issue quoted from Respondent's dismissal motion: "[i]mproper hearsay evidence was admitted by the trial court," (Mot. Dismiss, 12/7/09, pg. 3), Petitioner asserts that this issue was raised in his "Appeal (Supplemental) Memorandum of Appellant" filed on February 29, 2008 with the Michigan Court of Appeals. He sought permission from the Michigan Court of Appeals to file a supplemental brief on appeal, and it was granted. (Doc. #29, sub-part #6). Petitioner asserts that within his supplemental brief was the exhaustion of the hearsay issue. Petitioner does raise the issue of hearsay within the context of an ineffective assistance of counsel claim and when discussing witness reliability and "motive to blackmail" issues. (Appeal Memo, dated 2/29/08, pp. 38, 43). The issue is not, however,

3

discussed in the context of the trial court committing an error in the admission of such hearsay testimony.[2] Therefore, the Court finds that this hearsay issue is unexhausted[3].

The next issue as quoted by Respondent is as follows: "Petitioner's conviction was against the great weight of the evidence." (Mot. Dismiss, 12/7/09, pg. 3). Petitioner again claims that this issue was exhausted within the text of his Appeal Memo as follows:

> I did not have pages on which to present so much, including jury tampering, jury selection, fraud and – it's obvious – a clear elaboration of insufficient evidence to convict (e.g., Gadomski's great weight). I will supply Appendix AW to cover these additional issues as soon as possible.

(Appeal Memo, dated 2/29/08, pg. 48). Petitioner also states that the "great weight" issue can be found on pages 360 and 450 of the appendix filed with the Appeal Memo.[4] Simply because a claim is mentioned in a sentence or buried in a voluminous appendix does not equate with the issue being exhausted.

In order for an issue to meet the exhaustion requirement, the claim "must include a reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 163 (1996). Both a factual and legal basis for a claim must be presented in the state courts in order for it to be deemed exhausted. *McMeans v. Brigano,* 228 F.3d 674, 681 (2000). Petitioner asserts

---

[2] Normally, habeas relief is not available at all with regard to improper hearsay evidence absent a constitutional infirmity and no constitutional claim is made with respect to the admission hearsay evidence here. However, the Court need not address this issue because, as discussed below, it is permitting Petitioner to withdraw his hearsay claim.

[3] The Court also finds that Petitioner's hearsay issue has not been exhausted because the factual and legal basis for the habeas claim have not been fairly represented to the state courts as explained further below.

[4] The referenced appendix is not a part of the record.

that since he had a page limit restriction on his appeal brief filed in the Michigan Court of Appeals, his alternative was to file an appendix in excess of 450 pages in an effort to present all of his claims. It is not the job of this Court to go on a fishing expedition through a petitioner's appendix to find issues that may have not been presented within the text of the habeas petition. See *Green v. Johnson,* 160 F.3d 1029, 1036, fn. 2 (5th Cir. 1998) (discussion regarding how it is not the responsibility of the court to search the record for facts supporting a habeas claim). Moreover, if filing a voluminous appendix was permitted to allow additional issues to be raised on appeal, the purpose of imposing a page restriction on appellate briefs would be completely circumvented. Therefore, Petitioner's "great weight" claim has not met the exhaustion requirements.

More recently, the Supreme Court held that district courts have the discretion to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). While the Supreme Court authorized district courts to employ this "stay-and-abeyance" procedure, it cautioned them to limit its use to appropriate cases:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.
> . . .
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is

5

> only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

The Court is not persuaded that "stay and abeyance" is appropriate in the present case. Petitioner has offered no explanation for failing to adequately present the two claims at issue to the Michigan courts, either as part of his direct appeal, which he did pursue, or as part of a motion for relief from judgment under MCR 6.502, which he did not. The Court notes there is no time limit applicable to motions brought under MCR 6.502. Therefore, Petitioner could have filed such a motion at any time after he was convicted.[5] Had he done so at any time prior to the expiration of the one-year limitations period applicable to habeas petitions, the limitations period would have been tolled while that motion was pending. *See* 28 U.S.C. § 2244 (d)(1), (d)(2).

Instead, after the Michigan Court of Appeals affirmed his conviction, Petitioner filed an application for leave to appeal with the Michigan Supreme Court adding two new claims without attempting to exhaust those claims or articulate a reason why these issues were not exhausted. The Court can discern no "good cause" for Petitioner's failure to present his hearsay and great weight of evidence issues to the state courts. "In the absence of any explanation or justification, Petitioner has not established 'good cause' for his failure to

---

[5]The mere fact that Petitioner is acting *pro se* does not constitute good cause for his failure to pursue available state court remedies. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

6

exhaust [unexhausted] claim[s]." *Williams v. Brunsman*, 2009 WL 88772, at *4 (S.D. Ohio Jan.12, 2009). *Accord Caporini v. Smith*, 2008 WL 4502669, at *4 (S.D. Ohio Oct. 02, 2008).

While stay and abeyance is therefore inappropriate in the present case, the Court shall nonetheless permit Petitioner to withdraw his unexhausted claims and proceed solely with the remaining ten claims.[6]  As indicated by the Supreme Court in *Rhines*, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." 544 U.S. at 278. In the present case, dismissal of the entire petition would preclude habeas review even of Petitioner's exhausted claims, as the one-year limitations period in 28 U.S.C. §2244(d)(1)(A) has expired.

**Motion for Accelerated Relief**

In light of the foregoing, addressing Petitioner's motion for accelerated relief would be premature. Therefore, the motion is denied without prejudice.

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that Respondent's "Motion to Dismiss" [Dkt. #28] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner shall submit either a completely legible copy of his habeas petition, or in the alternative provide the Court with legible copies of

---

[6]As stated above, however, if the Court does not receive a legible habeas petition within thirty (30) days of this order, the petition will be dismissed.

only the pages that are not decipherable (Pet. pp. 2-12, 24-25, 27, 29; page prior to F1A; F1A section; F1B section; F1H section; F1J section; F1K section; F1Q section; and F1S section) within thirty (30) days from the date on this order.  If the requested copies are not filed with the Court within the thirty (30) day time period, this case shall be dismissed.

**IT IS FURTHER ORDERED** that Petitioner must notify the Court and Respondent in writing within thirty (30) days from the date of this order whether he is withdrawing the hearsay and great weight of the evidence claims. If Petitioner withdraws those claims, the Court will proceed to review only the remaining ten claims. If Petitioner does not withdraw the two referenced claims, or if he fails to inform the Court and Respondent of his intentions within thirty (30) days from the date of this order, the Court shall dismiss the habeas petition in its entirety pursuant to *Rose v. Lundy*.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  February 3, 2010

### CERTIFICATE OF SERVICE

I hereby certify that on ___February 3, 2010___, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ___Andrea M. Christensen___, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Steven Allen Thomason, #376662, Mid Michigan Correctional Facility, 8201 N. Croswell Road, St. Louis, MI 48880___.

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(313) 234-5137